IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| SHERRY GOLDAMMER, DONALD GERHARD, RON VEILLON, CARMEN THOMAS, and DIANA RHODES, on behalf of themselves and all others similarly situated, | CV 03-1749-BR<br><br>OPINION AND ORDER |
| Plaintiffs, | |
| v. | |
| ANN VENEMAN, in her official capacity as Secretary of the United States Department of Agriculture; ART GARCIA, in his official capacity as Administrator of the Rural Housing Service; LYNN SCHOESSLER, in his official capacity as State Director of the Oregon Rural Development Office; DBSI/TRI IV, an Idaho limited partnership; DBSI REALTY CORPORATION, an Idaho corporation; NORTHWEST REAL ESTATE CAPITAL CORPORATION, an Idaho nonprofit corporation; FOREST HILLS INVESTORS OF COQUILLE, OREGON, LTD., an Oregon limited partnership; JADIN INVESTMENTS LIMITED, an Oregon limited partnership; NORSEMEN VILLAGE, an Oregon limited partnership; and DBSI/TRI VII, an Idaho limited partnership, | |
| Defendants. | |

**MICHELLE RYAN**
**ART SCHMIDT**
Oregon Law Center
921 S.W. Washington Street, #516
Portland, OR  97205
(503) 473-8316

       Attorneys for Plaintiffs

**ANDREW R. GARDNER**
Stoel Rives LLP
900 S.W. Fifth Avenue, Suite 2600
Portland, OR  97204
(503) 224-3380

**C. CLAYTON GILL**
Moffatt, Thomas, Barrett,
  Rock & Fields, Chartered
101 South Capitol Blvd., Tenth Floor
P.O. Box 829
Boise, ID 83701
(208) 345-2000

       Attorneys for Defendants DBSI/TRI IV; DBSI Realty
       Corporation; Northwest Real Estate Capital
       Corporation; Forest Hills Investors of Coquille,
       Oregon, Ltd.; Jadin Investments Limited; Norsemen
       Village; and DBSI/TRI VII

**KARIN J. IMMERGUT**
United States Attorney
**RONALD K. SILVER**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204
(503) 727-1044

       Attorneys for Defendants Ann Veneman and Art
       Garcia (hereinafter referred to as Federal
       Defendants)

**BROWN, Judge.**

    This matter comes before the Court on Federal Defendants'

Motion for Summary Judgment (#82) and DBSI and Northwest Defendants' Motion for Summary Judgment (#70).

For the reasons that follow, the Court **GRANTS** both Motions. Accordingly, the Court dismisses with prejudice Plaintiff's First, Second, and Third Claims and remands Plaintiff's remaining state law claims to state court.

## FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural background of this action is set forth in the Court's September 29, 2004, Opinion and Order, and is well known to the parties. The Court, therefore, does not repeat it here.

## STANDARDS

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id*.

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"

*Villiarmo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id*.

## DISCUSSION

### I. Plaintiffs' Federal Claims

Plaintiffs' First, Second, and Third Claims turn on the applicability of the Emergency Low Income Housing Preservation Act (ELIHPA), 42 U.S.C. § 1472(c). Plaintiffs admit the facts material to the applicability of ELIHPA are not in dispute.

In its September 29, 2004, Opinion and Order, the Court concluded ELIPHA's prepayment restrictions cannot be used to prevent enforcement of the government's contracts with property owners. The Court's conclusion was mandated by the Ninth Circuit's decision in *Kimberly Assoc. v. United States*, 261 F.3d 864 (9th Cir. 2001). The Court finds Plaintiffs have not offered any compelling reason for the Court to depart from its prior analysis.

Plaintiffs' First, Second, and Third Claims all depend on Plaintiffs' allegation that ELIHPA applies to the contracts at issue. Accordingly, for the reasons set forth in its September 29, 2004, Opinion and Order, the Court concludes Plaintiffs cannot prevail on these three Claims, and, therefore,

Defendants are entitled to summary judgment.

## II. Plaintiffs' State-Law Claims

Plaintiffs also assert two state-law claims against DBSI Realty Corporation and its successors-in-interest for violation of rental agreements and the Oregon Landlord and Tenant Act.

Under 28 U.S.C. § 1367(a), a district court with original jurisdiction over any civil action "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." The district court, however, may decline to exercise supplemental jurisdiction over pendent state law claims if it has dismissed all claims over which the district court has original jurisdiction. 28 U.S.C. § 1367(c)(3). When determining whether to exercise supplemental jurisdiction or to remand pendent state law claims under § 1367(c)(3), the district court considers the "underlying objectives . . . of [judicial] economy, convenience, fairness, and comity." *Executive Software North America, Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1557 (9th Cir. 1994). "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Acri v. Varian Assoc., Inc.*, 114

F.3d 999, 1001 (9th Cir. 1997)(quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Under § 1367(c)(3), the district court is not required to articulate on the record the specific reasons for declining to exercise jurisdiction. *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478-79 (9th Cir. 1998).

This Court has granted Defendants' Motions for Summary Judgment on Plaintiffs' three federal claims. Plaintiffs' remaining state statutory and common law claims involve the interpretation of state law, and, therefore, the Court finds those claims are best resolved by a state trial court. As noted, the Court may remand pendent state-law claims if all federal claims are dismissed before trial. Little, if any, substantive activity concerning the state-law claims has occurred. Moreover, nothing suggests an exceptional or extraordinary circumstance to justify the exercise of federal jurisdiction over these claims in the absence of Plaintiffs' unsuccessful federal claims. This Court is a court of limited jurisdiction, and, as a matter of comity, should defer to the state court on issues that are clearly within the state court's jurisdiction and expertise.

Accordingly, in the exercise of its discretion under 28 U.S.C. § 1367(c)(3), this Court declines to assert supplemental jurisdiction over Plaintiffs' pendent state law claims and remands this action to state court.

## CONCLUSION

For these reasons, the Court **GRANTS** Federal Defendants' Motion for Summary Judgment (#82) and **GRANTS** DBSI and Northwest Defendants' Motion for Summary Judgment (#70). The Court **DISMISSES with prejudice** Plaintiffs' First, Second, and Third Claims and **REMANDS** Plaintiffs' remaining state-law claims to state court.

IT IS SO ORDERED.

DATED this 26th day of May, 2005.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge